# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAYMOND C. WILLIAMS,**

   Petitioner,

 -vs-

              Case No. 14-C-108

**JIM SCHWOCHERT, Warden,
Dodge Correctional Institution**

   Respondent.

## DECISION AND ORDER

Raymond Williams was acquitted on a homicide charge in Illinois, but then was convicted in Wisconsin for kidnapping and hiding a corpse. The Wisconsin Court of Appeals reversed the corpse-hiding conviction, but left the kidnapping conviction intact. Williams now petitions for relief under 28 U.S.C. § 2254.

A writ of habeas corpus will not issue unless the state-court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts" in light of the evidence before the state court. § 2254(d)(1)-(2). The standard set forth in § 2254(d)(1) "is a strict one." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013). "[A]n *unreasonable* application of federal law is different from an

*incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original). Williams must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011). Under § 2254(d)(2), a decision "involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger*, 604 F.3d 394, 399-400 (7th Cir. 2010). The Court presumes that the state courts' factual determinations are correct unless rebutted by clear and convincing evidence. § 2254(e)(1).

Williams' primary claims are for ineffective assistance of appellate counsel. To succeed, Williams must demonstrate that his counsel's performance was unreasonable and that the deficient performance prejudiced his defense. *Peterson v. Douma*, 751 F.3d 524, 531 (7th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also Ashburn v. Korte*, --- F. 3d ----, 2014 WL 3767178, at *5 (7th Cir. Aug. 1, 2014) ("great deference is afforded to the state court's analysis of *Strickland*'s cause and prejudice prongs").

It is difficult to characterize the performance of Williams' appellate

counsel as anything but a rousing success since he obtained a summary reversal on the corpse-hiding conviction. Williams complains that there were other issues that should have been raised, but as the court of appeals observed, "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." ECF No. 12-8, at 2; *State of Wisconsin v. Williams*, No. 2013AP173-W (Wis. Ct. App. Feb. 5, 2013) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). This was not an errant analysis, much less one that is "beyond any possibility for fair-minded disagreement." *Harrington*, *supra*.

Williams also argues that the state court lacked jurisdiction over the kidnapping claim because the kidnapping originated in Illinois. Williams didn't raise this claim in state court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (discussing related doctrines of exhaustion and procedural default). No matter, because state courts can exercise jurisdiction even when the defendant "never entered the state but the crime had sufficient direct repercussions within the state." *Heath v. Jones*, 941 F.2d 1126, 1139 (11th Cir. 1991). By kidnapping his ex-girlfriend and bringing her into Wisconsin, Williams "directly violated the peace, tranquility, and laws" of Wisconsin. *Id.* (discussing *Strassheim v. Daily*, 221 U.S. 280 (1911)).

In connection with this Order, the Court must determine whether to issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. Williams failed to make a "substantial showing" that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Williams' petition for a writ of habeas corpus is **DENIED**. The Court will not issue a certificate of appealability. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2014.

                                              **BY THE COURT:**

                                              _____
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**